IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 25-cv-00944-PAB-MDB

DELBERT ELMER SGAGGIO, JR., and
ZAIN AGUILERA-VALDEZ,

Plaintiffs,

v.

FREDERICK SUNERLIN, in personal capacity,
SCOTT ALAMO, in personal capacity, and
ROBERT WOLF, in personal capacity,

Defendants.

---

**ORDER**

---

This matter comes before the Court on the Recommendation of United States Magistrate Judge [Docket No. 60]. The recommendation addresses Defendants' Motion to Dismiss [Docket No. 47]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND

The facts are set forth in the magistrate judge's recommendation, Docket No. 60 at 2-4, and the Court adopts them for purposes of ruling on the objection. To the extent that plaintiffs dispute how the magistrate judge construed certain facts, the Court considers and resolves those arguments below.

Plaintiffs filed this case on March 24, 2025. Docket No. 1. The fourth amended complaint (the "complaint") brings claims for First Amendment viewpoint discrimination, First Amendment retaliation, First Amendment prior restraint, "Conspiracy to violate Free Press," violation of article II, § 10 of the Colorado Constitution, and retaliation

under article II, § 10 of the Colorado Constitution. Docket No. 36 at 5-21. Plaintiffs' claims arise out of allegations that defendants, who are Colorado Springs police officers, disconnected video cameras outside of plaintiffs' residence while executing a search warrant. *See id.* On January 27, 2026, defendants filed a motion to dismiss. Docket No. 47. On August 24, 2026, Magistrate Judge Maritza Dominguez Braswell issued a recommendation to grant the motion to dismiss. Docket No. 60. On September 8, 2026, plaintiffs filed an objection, Docket No. 61, and on September 22, 2026, defendants filed a response. Docket No. 68.

## II. LEGAL STANDARD

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("*One Parcel*"). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id*.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of a recommendation to confirm there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less

than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

## III. ANALYSIS

The recommendation finds that all of plaintiffs' federal claims should be dismissed with prejudice and that the Court should decline to exercise supplemental jurisdiction over plaintiffs' state law claims. Docket No. 60 at 7-13. As to the viewpoint discrimination claim, the recommendation finds that the complaint's allegations that video cameras were destroyed because they were recording police officers is, at best, an allegation of content-based discrimination, not an allegation that they were destroyed due to any particular viewpoint. *Id.* at 7-8. As to the retaliation claim, the recommendation finds that plaintiffs failed to allege the third element of such a claim—that defendants were substantially motivated by plaintiffs recording them when destroying the video cameras. *Id.* at 8. Specifically, the recommendation cites cases for the proposition that defendants' concern for their safety when executing a search warrant provides a valid, non-retaliatory explanation for destroying the video cameras, particularly in light of "Plaintiffs' bare assertions to the contrary," which are "too conclusory to plead retaliatory intent." *Id.* at 9-10. As to the prior restraint claim, the recommendation finds that "plaintiffs do not allege that the officers imposed some restriction or directive that would prohibit them from engaging in protected speech;" rather, the recommendation finds that, "[a]t best, Plaintiffs allege that the disabling and destruction of certain cameras eliminated one avenue for capturing footage." *Id.* at 11. Finally, as to the conspiracy claim, the recommendation finds that the complaint only alleges that officers coordinated on executing a search warrant, which is insufficient to

support a conspiracy claim, and, in any event, plaintiffs fail to establish an underlying constitutional violation that defendants conspired to commit. *Id.* at 12.

In their objection, plaintiffs primarily restate various allegations in the complaint and quote tangentially related cases, without explaining how such allegations and quotations serve to identify any error in the recommendation. *See generally* Docket No. 61. In response, defendants argue that such objections are not sufficiently specific to trigger de novo review of the recommendation. Docket No. 68 at 3. "To be sufficiently specific, the Objections must identify the particular finding by the Magistrate Judge that the Petitioner opposes and set forth some meaningful argument that explains why the Petitioner believes that finding is in error." *Vann v. Broaddus*, No. 06-cv-01774-MSK-KLM, 2009 WL 1537955, at *2 (D. Colo. May 31, 2009) (citations omitted). The Court agrees that plaintiffs' restating allegations from the complaint accompanied by various case quotes—without explaining how such allegations or quotations indicate the recommendation's findings were in error—does not constitute a sufficiently specific objection.

On occasion, plaintiffs reference specific findings in the recommendation they believe are in error. For example, plaintiffs assert that "destruction of camera was meant, suppress ideas and viewpoints, since many cameras were untouched, based on the viewpoint they were collecting." Docket No. 61 at 5. But plaintiffs cite no allegations indicating that any cameras were destroyed based on a speaker expressing a particular viewpoint and do not argue how destroying the video cameras was meant to suppress ideas and viewpoints. Thus, plaintiffs do not present sufficient argument for this to constitute a specific objection. Nevertheless, the Court agrees with the

recommendation's finding that the complaint merely alleges that the cameras were destroyed because of who was being recorded, which is, at best, content-based, and not because of the viewpoints of the officers being recorded.

Similarly, plaintiffs object to the magistrate judge's finding that officer safety provides a non-retaliatory explanation for defendants' destruction of the video cameras. Plaintiffs' objection, however, refers primarily to plaintiffs' Fourth Amendment rights, which are not invoked in the First Amendment retaliation claim. *See* Docket No. 60 at 3 n.2 (noting that plaintiffs "do not make any suggestion they wish to proceed under the Fourth Amendment."). Plaintiffs primarily cite cases involving the Fourth Amendment without providing argument as to why officer safety does not provide a non-retaliatory explanation for destroying the video camera. Thus, plaintiffs' objection is not sufficiently specific. But even if it was sufficiently specific, the Court agrees with the recommendation's finding that "[o]fficer safety is a relevant consideration when examining retaliatory intent." *Id.* at 9. The recommendation cites five cases in support of this proposition and weighs the justification of officer safety against plaintiffs' "bare assertions to the contrary." *Id.* The Court agrees with the recommendation's finding and will overrule plaintiffs' objection, to the extent plaintiffs sufficiently state an objection at all.

Finally, plaintiffs purport to object to the recommendation by referencing their response to the motion to dismiss. Docket No. 61 at 9. For example, plaintiffs state that "[a]rguments from 'RESPONSE TO DEFENDANTS' MOTION TO DISMISS (Doc 50) Pages 12-13 Properly argue Conspiracy." *Id.* But "objections that merely refer[ ] the District Court back to 'the motions, exhibits, testimony, briefs, and arguments' that

had previously been submitted [are] insufficiently specific to preserve the objection for further review." *Pappas v. Frank Azar & Assocs., P.C.*, No. 06-cv-01024-MSK-BNB, 2008 WL 652236, at *2 (D. Colo. Mar. 10, 2008) (quoting *One Parcel*, 73 F.3d at 1060). Therefore, the Court finds that plaintiffs' bare references to their prior arguments do not state a sufficiently specific objection.

The magistrate judge recommends dismissing plaintiffs' state claims for relief without prejudice and finds that defendants were properly served, despite defendants' contrary arguments in their motion to dismiss. Docket No. 60 at 5-6, 12-13. Defendants did not file an objection to the recommendation. The Court has reviewed the non-objected to portions of the recommendation[1] to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that these portions of the recommendation are a correct application of the facts and the law and will accept the magistrate judge's recommendation.

## IV. CONCLUSION

Therefore, it is

[1] The Court finds that plaintiffs do not raise a sufficiently specific objection to the recommendations' finding on prior restraint to trigger de novo review. Plaintiffs' purported objection merely restates allegations in the complaint and asserts unsubstantiated conclusions, such as stating that "Defendants destruction of camera's put a prior restraint on Plaintiffs videos journalism," or allegations that are not in the complaint, such as that "plaintiffs do not have the means to replace camera equipment, based on current income and hardship." Docket No. 61 at 8. The Court agrees with the recommendation's finding that, per the allegations in the complaint, "Defendants interfered with Plaintiffs' tools or property, but the seizure or destruction of a recording tool is analytically distinct from an actual prior restraint on speech." Docket No. 60 at 11.

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 60] is **ACCEPTED**. It is further

**ORDERED** that Defendants' Motion to Dismiss [Docket No. 47] is **GRANTED**. It is further

**ORDERED** that plaintiffs' first, second, third, and fourth claims for relief are **DISMISSED with prejudice**.[2] It is further

**ORDERED** that plaintiffs' fifth and sixth claims for relief are **DISMISSED without prejudice**.[3] It is further

**ORDERED** that this case is closed.

DATED September 28, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

---

[2] The Court will dismiss plaintiffs' federal claims with prejudice because plaintiffs have already amended their complaint four times and have not filed a new motion to amend.

[3] Under Colo. Rev. Stat. § 13-80-111(1), if claims are properly commenced within the statute of limitations and involuntarily dismissed because of lack of jurisdiction, the plaintiff "may commence a new action upon the same cause of action within ninety days after the termination of the original action or within the period otherwise allowed by this article, whichever is later." *See also Artis v. D.C.*, 583 U.S. 71, 74-75 (2018) (holding that 28 U.S.C. § 1367(d) tolls the statute of limitations for state law claims asserted under § 1367(a) during the pendency of the federal litigation in which such claims are brought and for thirty days following involuntary dismissal of those claims on jurisdictional grounds).